IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID RAY BAKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-624-O |
| | § | |
| BOBBY LUMPKIN, | § | |
| DIRECTOR, TDCD-CID, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the petition of David Ray Baker pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

**I.      BACKGROUND**

Petitioner was convicted of evading arrest with a vehicle (with a using or exhibiting a deadly weapon finding) under Case No. CR 20549 in the 271st Judicial District Court, Wise County, Texas, and sentenced to a term of imprisonment of fifty years. ECF No. 14-32 at 61–63. He appealed and the judgment was affirmed. *Baker v. State*, No. 02-18-00364-CR, 2020 WL 1949012 (Tex. App.—Fort Worth Apr. 23, 2020, pet ref'd). The Court of Criminal Appeals of Texas denied his petition for discretionary review. *Id.*

Petitioner filed a state application for writ of habeas corpus, ECF No. 14-32 (SHCR-03) at 150–86, which was denied without written order on findings of the trial court without hearing and on the Court's independent review of the record. ECF. No. 14-25 (WR-60,510-03) Action Taken.

## II.     GROUNDS OF THE PETITION

Petitioner sets forth four grounds in support of his federal application for writ of habeas corpus. ECF No. 1 at 6–17.[1] First, he was denied the right to retain counsel of his choice, including the sub-argument that appointed counsel was ineffective in failing to prepare for trial and in failing to inform the trial court that Petitioner intended to retain counsel. Second, counsel provided ineffective assistance in failing to object to the prosecutor's closing argument.[2] Third, the state courts erred in finding that Petitioner received effective assistance of counsel. And, fourth, the cumulative effect of trial errors—specifically the use of evidence obtained during an illegal traffic stop and evidence of prior convictions to which Petitioner had stipulated—resulted in a fundamentally unfair trial.

## III.    APPLICABLE LEGAL STANDARDS

### A.     Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question

---

[1] The reference is to the "Page __ of 34" reflected at the top right portion of the document on the Court's electronic filing system.

[2] This ground is somewhat confusing in that the argument is directed to the prosecutor's alleged misconduct and not to ineffective assistance of counsel. ECF No. 1 at 6, 9–11.

2

of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B.     Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989);

*Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

**C.    Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

4

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000)(*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013)(quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

Respondent first answers that Petitioner failed to exhaust the argument that his due process rights were violated when the prosecution presented evidence related to the facts of his prior convictions during the punishment phase of the trial.[3] ECF No. 12 at 10–13. On appeal, Petitioner raised as a ground that the prosecution should not have been allowed to present testimony regarding prior convictions to which he had pleaded "true." *Baker*, 2020 WL 1949012, at *6. The appeals court overruled that ground. *Id.* Petitioner did not include the same ground in his petition for discretionary review. ECF No. 14-13 (PDR No. PD-0507-20) at 8 (issues). Moreover, he did not raise it in his state habeas application. ECF No. 14-32 (SHCR-03) at 150–70 (petition), 187–213 (memorandum of law). Thus, the claim is procedurally defaulted and not subject to review here. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1998); *Coleman*, 501 U.S. at 735 n.1.

Petitioner replies that this ground was not procedurally defaulted, but what he is really arguing is that, as a *pro se* petitioner, he should be given the benefit of the doubt. ECF No. 20 at 2–3. He does not point to any place in the record where the ground was raised before the Court of Criminal Appeals. Nor does he make any attempt to establish cause and prejudice. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). (It is clear that actual innocence is not a basis for relief. *McQuiggin*, 569 U.S. at 386).

As for the grounds that were exhausted, Petitioner does not fare any better. First, although a defendant has a right to retain counsel of his own choosing, the right is not unqualified. *Newton v. Dretke*, 371 F.3d 250, 255 (5th Cir. 2004); *United States v. Hughey*, 147 F.3d 423, 429 (5th Cir. 1998). Rather, a defendant must only be given a fair or reasonable opportunity to obtain particular

---

[3] This argument is made under Petitioner's second and fourth grounds.

6

counsel. *Newton*, 371 F.3d at 255. He may not insist on an attorney he cannot afford or one who declines to represent him. *Wheat v. United States*, 486 U.S. 153, 159 (1988).

Here, Petitioner contends that he would have been able to hire Paul Belew, because a long-time friend agreed to loan Petitioner money for a retainer. ECF No. 1 at 8. In his state habeas petition, Petitioner alleged that he intended to hire Belew but was waiting on an insurance check.[4] ECF No. 14-32 (WR-60,510-03 Writ Rec'd) at 194. His complaint was that the trial date was moved up and he only had three days to retain Belew. *Id.* at 194–97. In any event, Belew, simply testified that he recalled being approached by family members or friends at some unknown time and that he quoted a down payment of $5,000. *Id.* at 173. Before representation could be arranged, Petitioner was tried and convicted. *Id.* The record reflects that the offense occurred on December 18, 2017, and that Petitioner was convicted and sentenced on August 8, 2018. *Id.* at 61. Petitioner has not pointed to any evidence establishing that he was denied the right to hire counsel of his choice. The state habeas court found that Petitioner did not have the funds to retain Belew. ECF No. 14-29 at 4 (finding of fact #14). Petitioner does not specifically address the finding. Rather, he relies on conclusory, boilerplate argument, including the erroneous assertion that a preponderance of the evidence is sufficient to meet his burden. ECF No. 20 at 3–4. He has not shown that he was denied the right to retain counsel of his choice.

To the extent that Petitioner is making a claim of prosecutorial misconduct in his second ground, that claim was rejected by the state habeas court. ECF No. 14-29 at 9 (findings of fact # 58–63); 12 (conclusion of law # 21); ECF No. 14-25. Again, Petitioner fails to address the findings, relying instead on conclusory allegations. ECF No. 20 at 4–7. He could not prevail in

---

[4] The Court notes that one of the affidavits filed in support of the federal habeas application reflects that the insurance claim has yet to be settled. ECF No. 1 at 23 (Affidavit of Jennifer N. Allen).

any event, given that the appropriate standard of review for a claim of improper argument by the prosecution is the narrow one of due process and not the broad exercise of supervisory power. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The issue is whether the prosecutor's argument so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Id.* It is not enough to say so; the petitioner must show that there is a reasonable probability that the result would have been different if the proceeding had been conducted properly. *Jackson v. Johnson*, 194 F.3d 641, 653 (5th Cir. 1999). Improper argument that exceeds constitutional limits is found only in the most egregious cases. *Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987). This is not one of them.

In Texas, there are four general categories of permissible jury argument: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of opposing counsel, and (4) plea for law enforcement. *Bell v. State*, 724 S.W.2d 780, 802–03 (Tex. Crim. App. 1986) (*en banc*). Although the State may not argue that the community or particular portion of the community demands a certain punishment, it may argue the impact of the jury's verdict on the community. *Borjan v. State*, 787 S.W.2d 53, 56 (Tex. Crim. App. 1990) (*en banc*). A proper plea for law enforcement may include the relationship between the verdict and deterrence of crime in general. And, the prosecutor may argue that the jury should deter specific crimes by its verdict. *Id.* Here, the arguments about which Petitioner complains fall within these four categories and were not improper.

The claim that Petitioner received ineffective assistance of counsel was raised in the state habeas proceeding and rejected. ECF No. 14-29; ECF No. 14-25. To prevail here, Petitioner must meet the doubly deferential standards of both *Strickland* and § 2254(d). *Woods v. Etherton*, 578

U.S. 113, 117 (2016); *Cullen*, 563 U.S. at 190. This he has not done.

Petitioner urges that counsel failed to be prepared for trial. In this respect, he primarily relies on counsel's failure to file any pretrial motions until seven days before trial. He assumes that the motions were not filed earlier because counsel was not prepared, but there is no evidence that such was the case. To the contrary, the trial court found that counsel received discovery in advance of trial, had sufficient time to review it, and did review it before trial; no evidence was withheld or untimely produced; and, counsel was prepared for trial. ECF No. 14-29 at 6–7 (findings of fact # 31–39). As for the allegation that counsel failed to conduct a proper investigation, the trial court found, among other things, that counsel inquired of Petitioner several times about names of persons who might testify on his behalf, but was never provided those names; counsel contacted individuals he was able to identify, but none were willing and able to testify on Petitioner's behalf; and, Petitioner failed to establish that the persons he identified in his habeas petition were available and willing and able to testify at trial. *Id.* at 7–8 (findings of fact # 41–45). Further, given Petitioner's lengthy criminal history that included felony assault on a police officer, the fact that he was found with a significant amount of methamphetamine, and that he had fled through a parking lot at high speeds endangering bystanders, it was not credible that any witness Petitioner identified would have impacted the jury's decision regarding punishment. *Id.* at 8 (findings of fact #46–47). By giving credence to counsel's affidavit, the trial court implicitly rejected Petitioner's version of the facts and found that he was not credible. *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).

The reasonableness of an investigation depends upon the information provided by the defendant. *See Randle v. Scott*, 43 F.3d 221, 225 (5th Cir. 1995). Here, the trial court found that Petitioner did not provide names of persons for counsel to contact, but that counsel contacted

persons he was able to identify and did not find any who would testify. ECF No. 14-29 at 7–8 (findings of fact #41–45). One who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). And, complaints of uncalled witnesses are not favored, because the presentation of evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). In this case, the "affidavits" submitted by Petitioner with his state habeas application are very vague. ECF No. 14-32 at 175–80. Only one of them mentions that Petitioner's "addiction stems from an abusive father." *Id.* at 178. The grounds of the petition do not mention mitigating evidence or failure to investigate Petitioner's background as a basis for any claim being asserted. *Id.* at 155–63, 169–70. The Court does not consider new evidence presented in support of the federal habeas application. *Cullen*, 563 U.S. at 181. Petitioner has not shown that his counsel failed to investigate or to call any witness Petitioner identified, much less that any additional investigation would have been fruitful or that the testimony of any particular witness would have changed the outcome of the case.

Petitioner also alleges that his counsel was ineffective in failing to notify the trial court that Petitioner wanted to retain Belew and that, consequently, they were not ready for trial. ECF No. 1 at 6–8; ECF No. 20 at 3. As discussed, *supra*, the record establishes that counsel was prepared for trial and that Petitioner was not denied his right to retain counsel of his choice. Whether the trial court would have granted a continuance is wholly speculative. But, assuming a continuance had been sought and denied, Petitioner would have the burden to show that such denial was an abuse

10

of discretion so arbitrary and fundamentally unfair as to violate the constitutional principles of due process. *Newton*, 371 F.3d at 255. This is a burden he cannot meet.

Further, Petitioner alleges that counsel was ineffective in failing to object to the prosecutor's closing argument. ECF No. 1 at 6, 9–11; ECF No. 20 at 4–7. As noted, the state habeas court determined that there was no prosecutorial misconduct. ECF No. 14-29 at 9–10 (findings of fact # 58–63), 12 (conclusion of law #21). Failure of counsel to raise a frivolous objection does not cause his performance to fall below an objective level of reasonableness. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

Finally, Petitioner urges that various errors cumulatively prejudiced him.[5] ECF No. 1 at 12, 15–17. In addition to the arguments previously discussed, he complains that his trial was infected by the admission of illegally obtained evidence, arguing that there was no probable cause for his traffic stop. He does not point to any evidence to support his position. His conclusory allegations do not raise a proper claim. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983). In any event, the issue was raised on appeal and determined to be without merit. *Baker*, 2020 WL 1949012, at *2–*3. The appellate court likewise determined that Petitioner's argument that the cumulative effect of improperly admitted evidence denied him a fair trial was without merit. *Id.* at *6–*7. And the state habeas court found that evidence of Petitioner's possession of methamphetamine and attempt to destroy or conceal it was properly introduced at trial. ECF No. 14-29 at 9 (findings of fact # 58, 59). Petitioner has not met his burden of showing by clear and convincing evidence that these findings are not entitled to the presumption of correctness. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486. Where there is no merit to any claim of error, a claim

---

[5] Although Petitioner makes no reply to Respondent's response, apparently conceding its lack of merit, the Court addresses this ground as presented.

of cumulative error must also fail. *United States v. Moye*, 951 F.2d 59, 63 n.7 (5th Cir. 1992).

**IV.    CONCLUSION**

For the reasons discussed, the petition is **DENIED**.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further **ORDERS** that a certificate of appealability be, and is hereby, denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED** on this 5th day of January, 2023.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**